BLD-222                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1567
_____

JOSEPH ELLIOTT PORTER,
Appellant

v.

A.H.P. SETTLEMENT TRUST
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-03184)
District Judge:  Honorable Harvey Bartle, III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 15, 2021

Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed: July 27, 2021)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Joseph Elliott Porter appeals from the District Court's order dismissing his complaint. We will affirm the District Court's judgment.

The District Court's February 23, 2021 memorandum recounts the background of Porter's litigation against AHP Settlement Trust ("the Trust"), which was established under the Diet Drug Nationwide Class Action Settlement Agreement (the "Settlement Agreement") to compensate class members who suffered valvular heart disease from using certain diet drugs. Because the parties are familiar with the underlying background, we will not discuss it at length. The Settlement Agreement provides for eligible claimants to receive compensation under matrices "A" and "B," depending on certain qualifying factors. In 2015, class member Miguel A. Larrieu submitted his claim for Matrix A-1 benefits, with supporting medical documentation. The Trust reviewed his claim and classified him as eligible for reduced compensation under Matrix B-1. Larrieu contested the determination, but ultimately, on June 8, 2018, the District Court entered a memorandum and order holding that Larrieu was entitled to compensation under Matrix B-1. See In re: Diet Drugs Prods. Liab. Litig., E.D. Pa. Civ. No. 99-cv-20593 (Documents #5327 and #5328). Larrieu did not appeal. Meanwhile, Porter pursued a supplemental claim determination on Larrieu's behalf, but that claim was discontinued by the parties' stipulation. See id. (Document #9510).

On May 7, 2020, Porter filed this complaint in the District of South Carolina, referencing Larrieu's claims registered with the Trust "that have already been processed and thus adjudicated." (Complaint, Supporting Document at 1.) Although not an attorney, Porter asserted that he pursued Larrieu's claim under a power of attorney

agreement, that the agreement specified a percentage that Porter would receive from Larrieu's claim settlement, and that Larrieu's claim had been calculated incorrectly under Matrix B instead of Matrix A. Porter sought damages, noting a power of attorney amount and a Matrix A claim amount. The District Court for the District of South Carolina transferred the complaint to the District Court, noting that Porter earlier had filed a nearly identical complaint, also transferred, which had been dismissed for failure to effect proper service under Rule 4(m) of the Federal Rules of Civil Procedure.

Porter similarly failed to serve this second complaint as required under Rule 4(m). He requested but did not obtain the Trust's waiver of service. The District Court ordered Porter to serve the complaint, warning that failure to do so would result in dismissal. Porter filed an affidavit indicating that the summons and complaint were served on January 14, 2021, by hand delivery to a staff member at the office of the Trust's counsel. The Trust filed a motion to dismiss, acknowledging the hand-delivered complaint to counsel's law firm but asserting that counsel was not authorized to accept service for the Trust. Alternatively, the Trust argued that Porter failed to state a cognizable claim for relief. The parties briefed the issues.

The District Court analyzed the Trust's motion to dismiss under Rules 12(b)(5) and 12(b)(6). The District Court rejected Porter's suggestion that a Google search showing that the Trust's office was closed excused proper service under Rule 4(m). Further noting that Porter neither disputed that the Trust's counsel was not authorized to accept service nor attempted to show otherwise, and that Porter still had not served the complaint after seven months, the District Court granted the Trust's motion to dismiss for

3

insufficient process.  Moreover, the District Court determined that, even if service were deemed to be sufficient, the Trust would be entitled to dismissal for failure to state a claim under Rule 12(b)(6).  First, citing Elkadrawy v. Vanguard Group., Inc., 584 F.3d 169, 172 (3d Cir. 2009), the District Court found that Porter's attempt to contest the calculation of Larrieu's claim is barred by res judicata.  Second, the District Court found that, although the Settlement Agreement allows for contingency fee payments to attorneys for successful class members, the Settlement Agreement does not provide for payment of fees to non-attorneys, such as Porter, for helping a class member submit a claim.  Accordingly, the District Court entered an order dismissing the complaint.[1]  This appeal followed, and we exercise appellate jurisdiction under 28 U.S.C. § 1291.  The parties have submitted arguments to support their positions on appeal.

Porter argues that the District Court erred in dismissing his case for insufficient service, noting that the proper service on the Trust is evidenced by the Trust's counsel's ability to file documents in response to the complaint.  In addition, pointing to the District Court's order language specifying that it granted the Trust's motion to dismiss "for insufficient service of process under Rule 12(b)(5)," Porter contends that the service issue is the sole basis for the District Court's dismissal, and disregards the District Court's reliance on the "reasons set forth in the foregoing Memorandum" in its dismissal order.  Indeed, Porter argues that we should reinstate his complaint by transferring it back to the District of South Carolina.

---

[1] The District Court did not reach Porter's pending motion for default judgment in light of the dismissal of the complaint.

4

However, we may affirm the District Court's decision on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).  Upon review of the record and the parties' submissions on appeal, we will affirm here.  Porter does not address the District Court's alternative reasons supporting dismissal of his complaint, but for substantially similar reasons given by the District Court, we agree that dismissal was appropriate.  As noted above, the District Court considered Porter's claims even assuming proper service of the complaint, and Porter conceded that Larrieu's claims already had been adjudicated pursuant to the Settlement Agreement.  Even if he is entitled to a portion of Larrieu's claim amount by operation of his power of attorney agreement, Porter has not shown that the Trust is obligated under the Settlement Agreement to disburse any funds to him directly.

Because no substantial question is presented here, we will summarily affirm the District Court's order dismissing Porter's complaint.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.